**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Betty J. Brown, | : | Case No. 3:10 CV 0962 |
| Plaintiff, | : | |
| v. | : | |
| Spherion, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Defendant. | : | |

This case, filed pursuant to the Americans with Disability Act (ADA), was referred to the undersigned Magistrate for report and recommendation on all pretrial issues.  Pending is Defendant's unopposed Motion to Dismiss (Docket No. 22).  For the reasons that follow, the undersigned recommends that the Court defer a ruling on the Motion to Dismiss until Plaintiff has been advised of the consequences of failure to respond and to prosecute her litigation.

**JURISDICTION**

This Court has jurisdiction based upon 28 U.S.C. § 1331, because this action arises under the laws of the United States.  The relevant law of the United States, the AMERICANS WITH DISABILITY ACT codified under 42 U.S.C. § 12101 et seq, provides relief from discrimination in employment on the basis of disability.

## THE PARTIES

Plaintiff is a resident of Norwalk, Ohio (Docket No. 1, Exhibit 1, p. 1 of 8).

Defendant is a recruiting and staffing service that places candidates in temporary or full time jobs across the United States and Canada.  Www. spherion.com.

## FACTUAL BACKGROUND

On October 17, 2008, Plaintiff completed an application for employment and presented it to Defendant's personnel.  She was advised that Defendant was hiring at the Pepperidge Farms plant in Willard, Ohio.  Defendant's personnel advised Plaintiff that the company for which it was recruiting had requested no one with a disability.

On or about October 20, 2008, Plaintiff received a letter from Defendant's staff that they did not have any openings that matched her skills and qualifications or she did not meet the hiring criteria.  On October 24, 2008, Plaintiff received confirmation from Ohio's Office of Workforce Development (OOWD) that she had been matched with a production job (apparently at Pepperidge Farms) and that if she failed to apply, her unemployment compensation benefits could cease. Plaintiff advised OOWD that she had "already" applied for the job through Spherion (Docket No. 1).

## PROCEDURAL BACKGROUND.

Plaintiff filed a charge with the Equal Employment Opportunity Commissioner (EEOC). After supplementing the record, the EEOC conducted an investigation and found that its statutes had not been violated as alleged.  The right to sue letter was published on March 15, 2010.

Plaintiff supplemented the charge filed with additional evidence.  The EEOC determined that there was nothing in the available evidence that suggested that Plaintiff had been discriminated

against because of her disability.  A second right to sue letter was published on March 25, 2010.

Plaintiff commenced a cause of action in district court on April 29, 2010 (Docket No. 1, Exhibits 1 & 2).  An order was entered on December 1, 2010, that extended the discovery deadline to March 1, 2011, and the motion filing deadline to April 1, 2011 with opposition due within 21 days and the reply due 10 days thereafter (Docket No. 18).  Upon the expiration of the discovery deadline, Defendant filed a Motion to Dismiss under FED. R. CIV. P. 41(b) (Docket No. 22).  Plaintiff failed to file an opposition to the Motion to Dismiss or otherwise plead.

## STANDARD FOR DISMISSAL UNDER FED. R. CIV. P. 41(B).

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  FED. R. CIV. P. 41(b) (Thomson Reuters 2011).  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.  FED. R. CIV. P. 41(b) (Thomson Reuters 2011).

In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, the court looks to four factors for guidance:  (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Oleoproteinas Del Sureste, S.A. v. French Oil Mill Machinery Company,* 202 F. R. D. 541, 545 (S. D. Ohio 2000) (*citing Stough v. Mayville Community School*, 138 F.3d 612, 615 (6th Cir. 1998)).  Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where

3

there is a clear record of delay or contumacious conduct. *Id.* (*citing Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (*see also, Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick and GMC Trucks, Inc*., 173 F.3d 988, 992 (6th Cir. 1999) (applying the same four factors when deciding whether the District Court had abused its discretion when dismissing a plaintiff's complaint with prejudice for failure to prosecute under Rule 41(b)).

### DISCUSSION

During the Case Management Conference, this Court ordered that additional parties be joined by December 3, 2010, that discovery be completed by January 14, 2011, and dispositive motions be filed by February 14, 2011 (Docket No. 14).  These deadlines have expired and Plaintiff has not responded to Defendant's first set of interrogatories, joined additional parties, made discovery requests or filed a dispositive motion.  In addition, Plaintiff has not provided an explanation for her failure to respond or requested additional time to comply with the requests for discovery.  For such failure to prosecute, Defendant seeks an order dismissing this case in its entirety, with prejudice.

In considering whether to dismiss an action pursuant to Rule 41(b), the Magistrate considers the four factors set forth in *Oleoproteinas Del Sureste, supra.*  With respect to the first factor, Plaintiff has filed nothing that is material to the merits of this case since the filing of the Complaint.  Plaintiff has not returned the completed interrogatories to Defendant or responded to the request to schedule a deposition.  Plaintiff did not communicate with former counsel.  Similarly, she has not communicated with the Court.  Such behavior constitutes a clear pattern of delaying the resolution of this lawsuit or Plaintiff's intent to willfully abandon the case.

Turning to the second factor, Defendant has been exposed to potential liability for attorney

4

fees.  Defendant hired counsel.  Attorney fees have accrued for preparing pleadings, preparing interrogatories and requests for production, writing letters to Plaintiff, calling Plaintiff and initiating requests that would assist with trial preparation (Docket No. 22, Exhibits 2, 3 & 4).  The prejudice continues so long as Defendant incur fees without the prospect that this litigation will be resolved.

Although Defendant's assertions that Plaintiff has failed to prosecute her claims are true, the Magistrate finds that Plaintiff has not been explicitly warned that any failure to cooperate could lead to dismissal.  In other words, the Court has not issued a notice concerning the consequences of Plaintiff's failure to file a response or otherwise cooperate with the Court well in advance of the recommendation that the case be dismissed.  This notice is particularly critical since Plaintiff is representing herself.

The Magistrate further finds that consideration of this factor does not warrant dismissal at this juncture and orders that by **August 15, 2011**, Plaintiff shall (1) file a responsive pleading to the Motion to Dismiss, (2) answer Defendant's First Set Interrogatories, (3) answer the First Request for Production of Documents, and (4) contact J. Neil Grindstaff or Jeffrey J. Moyle about her availability for deposition.  Defendant may file a reply to Plaintiff's responsive pleading within ten days thereafter.  If Plaintiff fails to timely file a responsive pleading or comply with the discovery requests, the Magistrate will recommend that the Court dismiss Plaintiff's case with a declaration that the rights or privileges of Plaintiff with respect to the employment claims for disability discrimination against Defendant are waived or lost.  The ensuing Report and Recommendation of dismissal will be issued without requiring Defendant to file additional pleadings.

Finally, the Magistrate considers whether sanctions less drastic than dismissal might be appropriate.  One such lessor sanction would be an award of attorney fees for Plaintiff's failure to

comply with the requests for discovery.  However, the Magistrate finds it unlikely that requiring

Plaintiff to pay attorney fees for her dilatory acts would be less severe than dismissal with prejudice

since she was last employed in August 2008.  Plaintiff apparently has minimal assets and was

granted leave to proceed with this litigation without prepayment of fees (Docket Nos. 3 & 4).

**CONCLUSION**

By issuance of this Report and Recommendation, Plaintiff has now been warned that failure

to cooperate could lead to dismissal.  It is therefore recommended that the Court defer final

disposition of the merits of Defendant's Motion to Dismiss until the expiration of the prescribed time

to file a responsive pleading and comply with all discovery requests.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Dated: July 19, 2011

**NOTICE**

Please take notice that as of this date the Magistrate's report and recommendation attached

hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF

OHIO, any party may object to the report and recommendations within fourteen (14) days after being

served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall

constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The

objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate

Judge and all parties, which shall specifically identify the portions of the proposed findings,

recommendations, or report to which objection is made and the basis for such objections.  Any party

may respond to another party's objections within fourteen days after being served with a copy

thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6ᵗʰ Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.